IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **REUVEN EISENSTEIN** | \* | |
| | \* | |
| v. | \* | Civil Case No. WMN-15-861 |
| | \* | |
| **COMMISSIONER, SOCIAL SECURITY** | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*

REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-motions for summary judgment, and Mr. Eisenstein's reply. [ECF Nos. 12, 15, 16]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that the Court deny both motions, reverse the decision of the Commissioner in part, and remand the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

Mr. Eisenstein filed an application for Disability Insurance Benefits ("DIB") on November 4, 2010, originally alleging a disability onset date of July 24, 2010, which was later amended to March 1, 2012. (Tr. 91, 190-91). His application was denied initially and on reconsideration. (Tr. 128-32, 137-39). A hearing was held on April 14, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 89-108). Following the hearing, the ALJ determined that Mr. Eisenstein was not disabled within the meaning of the Social Security Act. (Tr. 72-82). The Appeals Council denied Mr. Eisenstein's request for review (Tr. 1-6), making the ALJ's

decision the final, reviewable decision of the Agency.

The ALJ found that Mr. Eisenstein suffered from the severe impairment of "coronary artery disease by history (status post stenting)." (Tr. 77). Despite this impairment, the ALJ determined that Mr. Eisenstein retained the residual functional capacity ("RFC") to "perform the full range of light work as defined in 20 CFR 404.1567(b)." (Tr. 79). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Eisenstein could perform his past relevant work as "a head baker/foreman and a restaurant owner." (Tr. 81). Therefore, the ALJ concluded that he was not disabled. (Tr. 81-82).

Although Mr. Eisenstein's Motion and Reply are divided into a series of separate arguments, they essentially raise a single point: that the ALJ did not adequately consider Mr. Eisenstein's complaints of debilitating fatigue. I concur. Whether the fatigue at issue is as a result of his heart condition or a side effect of the medication he takes daily, Mr. Eisenstein testified that he has to lie down for four to five hours in a day. (Tr. 98). His medical records support his contention that he was suffering from fatigue after his amended onset date. *See, e.g.,* (Tr. 330) ("The pt relates that he is not doing well with increased fatigue. He is not able to work every day as he is tired."); (Tr. 327) ("The pt relates that he still has a lot of fatigue and anxiety."). The VE confirmed that, if Mr. Eisenstein has to lie down for four to five hours in a day, he cannot work. (Tr. 105-06). Despite this evidence, the ALJ does not specifically address the issue of fatigue anywhere in his RFC assessment. In fact, the activities of daily living cited by the ALJ are not inconsistent with Mr. Eisenstein spending a significant portion of his day lying down. *See* (Tr. 80) ("He testified that he prepares breakfast and lunch, watches television, reads, helps his wife clean, shops occasionally, and generally cares for his own personal needs.") In light of Mr. Eisenstein's age and significant work history, including many years of gainful

employment after his heart attack at age 40, explicit analysis of the credibility of his contention that he began suffering debilitating fatigue in 2012 is warranted.  I therefore recommend that the case be remanded for such explanation.  In making that recommendation, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Eisenstein is not entitled to benefits is correct or incorrect.

I further note that, on remand, if the ALJ reaches a consideration of past relevant work, additional exploration of Mr. Eisenstein's job duties would be warranted.  It is unclear whether the tasks he performed (on a part time basis at a family owned business) are entirely consistent with the jobs of "head baker/foreman" and "restaurant owner" as defined by the Dictionary of Occupational Titles.

### III.  CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1.  the Court DENY Defendant's Motion for Summary Judgment [ECF No. 15];

2.  the Court DENY Mr. Eisenstein's Motion for Judgment on the Pleadings [ECF No. 12];

3. the Court REVERSE IN PART, due to inadequate analysis, the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g);

4. the Court REMAND this case for further proceedings in accordance with this opinion; and

5. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**IV.     NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated:  January 4, 2016                                     /s/
                                                     Stephanie A. Gallagher
                                                     United States Magistrate Judge